UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW W. GOAR, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:13-cv-00919-JMS-DKL |
| | ) | |
| FEDERATED LIFE INSURANCE COMPANY, | ) | |
|     *Defendant.* | ) | |

## ORDER

Plaintiff Andrew Goar filed an Amended Complaint on June 7, 2013 in which he appears to allege that the Court has diversity jurisdiction over this matter. [Dkt. 6 at 1, ¶¶ 1-4.][1] Specifically, Mr. Goar alleges that: (1) he is a citizen of Indiana, [*id.* at 1, ¶ 1]; (2) Defendant Federated Life Insurance Company ("Federated") is "a citizen of the State of Minnesota with its principal place of business located [in]…Owatonna, [Minnesota]," [*id.* at 1, ¶ 2]; and (3) "[t]he amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000)," [*id.* at 1, ¶ 3].

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Mr. Goar's Amended Complaint, the Court cannot determine whether it can exercise jurisdiction over this case.

---

[1] Mr. Goar states that "[t]his Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1391," [dkt. 6 at 1, ¶ 4], but § 1391 governs venue, not subject-matter jurisdiction. The Court suspects that Mr. Goar meant to cite to 28 U.S.C. § 1332, rather than § 1391 – his Amended Complaint only asserts common law claims, so diversity jurisdiction would be the only possible basis for the Court to exercise subject-matter jurisdiction.

Specifically, and assuming that Mr. Goar intends to invoke the Court's diversity jurisdiction, Mr. Goar is reminded that: (1) a corporation has two places of citizenship: where it has its principal place of business *and* where it is incorporated, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006), and Mr. Goar must set forth both; and (2) the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added).

The Court **ORDERS** Mr. Goar to file a Second Amended Complaint on or before **June 19, 2013**, which addresses the jurisdictional concerns noted above. Federated need not respond to the Amended Complaint, [dkt. 6], but rather shall timely respond to the Second Amended Complaint once it is filed.

06/10/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robert E. Saint
EMSWILLER WILLIAMS NOLAND & CLARKE
rsaint@ewnc-law.com